IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| A.J. TRUCCO, INC., <br><br> Plaintiff, <br><br> v. <br><br> REDCELL CORP. and REDCELL SYSTEMS, LLC, <br><br> Defendants. | Civil No. 22-2871 (RMB/EAP) <br><br> **MEMORANDUM OPINION & ORDER** |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon its *sua sponte* Motion to Transfer. [*See* Docket No. 16.] For the reasons expressed herein, the Court will transfer this matter to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

I.      BACKGROUND

Defendants Redcell Corporation and Redcell Systems, LLC (collectively, "Redcell") are entities with New York citizenship. [Docket No. 1 ¶ 15.] Plaintiff A.J. Trucco, Inc. ("Trucco") is "an agricultural product wholesaler" and "a New York corporation, with its principal place of business located at 344 New York City Terminal Mkt., Bronx, NY 10474." [*Id.* ¶ 14.] Trucco does some business in New Jersey. [*See id.* ¶ 2.] Redcell provided IT services to Trucco through 2019, but their relationship eventually "soured and ended." [*Id.* ¶¶ 4–5.] Thereafter, Trucco alleges,

Redcell improperly accessed some of Trucco's confidential files and information from one of its servers. [*Id.* ¶ 5.] That server is located in New York, although Trucco alleges that the server "served all of Trucco's business locations, including its location in Vineland, New Jersey." [*Id.* ¶¶ 19–20.] Trucco is suing Redcell for alleged violations of the Computer Fraud and Abuse Act ("CFAA") and the New Jersey Computer Related Offenses Act, as well as for invasion of privacy. [*Id.* ¶¶ 50–70.]

The parties have a related case ongoing in the Southern District of New Jersey, brought by Redcell. [*See id.* ¶ 27 (Civil Action No. 1:20-cv-18).] In the course of that litigation, Trucco learned that Redcell had allegedly been improperly accessing its server after their relationship ended. [*See id.* ¶¶ 29–48.] At that point, Trucco sought leave from the New York Court to amend its answer to assert four counterclaims against Redcell. *See Redcell Corp. v. A.J. Trucco*, No. 20-18, 2022 U.S. Dist. LEXIS 41064, at *1–2 (S.D.N.Y. Mar. 8, 2022). The New York Court denied the portion of Trucco's motion seeking to assert a CFAA counterclaim. *Id.* at *8–19. Specifically, the New York Court held that Trucco did "not plausibly allege a violation of the CFAA." *Id.* at *11-12. Trucco then filed this matter.

After the parties exchanged pre-motion letters in accordance with this Court's Individual Rules, [Docket Nos. 14, 15], the Court *sua sponte* raised the issue of whether this case should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a), [*see* Docket No. 16]. Trucco responded and argued that transfer would not be appropriate. [*See* Docket No. 17.] Redcell responded only

to point out that, contrary to Trucco's insinuations in its response to the Order to Show Cause, neither party is a citizen of New Jersey. [*See* Docket No. 18.]

## II.   LEGAL STANDARD AND ANALYSIS

Section 1404(a) of Title 28 of the United States Code provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the Third Circuit has written,

> In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (quoting 15 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS § 3847 (2d ed. 1986)). The Third Circuit went on to categorize the various factors in terms of private interests and public interests. *Id.* This Court will address those factors in turn.

### A.   Private Interest Factors

As *Jumara* delineates, the Court must consider the following private interest factors when determining whether a Section 1404(a) transfer is appropriate:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of

the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (internal citations omitted).

Here, the Court finds that the most important private interest to consider is the third one—whether the claim arose elsewhere. The parties' relationship was based in New York and the server that Redcell allegedly accessed inappropriately is also located in New York. The only connection to New Jersey is that the server in question serves Trucco's New Jersey location, in addition to its New York location. Therefore, at least for the purposes of this Opinion, the Court concludes that the claims arose in New York, cutting in favor of transferring the case.

As to the first and second factors—the parties' preferred fora—the Court notes that a plaintiff's choice of forum is generally "a paramount consideration" to transfer determinations, *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), and "should not be lightly disturbed," *Jumara*, 55 F.3d at 879. Here, however, Trucco's choice of forum—New Jersey—warrants less deference because, as noted above, the operative facts are most directly connected to New York, as opposed to New Jersey. *See, e.g.*, *Goldstein v. MGM Grand Hotel & Casino*, 2015 U.S. Dist. LEXIS 150982, at *2 (D.N.J. Nov. 5, 2015) ("[T]he plaintiff's choice of forum is discounted significantly where 'the case has little connection with the chosen forum,' and the nucleus of operative facts occurred elsewhere.") (quoting *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227–28 (D.N.J. 1996)); *Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd.*, 847 F. Supp. 1244, 1246 (D.N.J. 1994) ("[C]ourts assign the plaintiff's

choice of forum significant weight unless the case has little connection with the chosen forum."). Redcell has not taken a position on the issue of transfer, so their preference (or lack thereof) does not affect the Court's analysis.

As for the fourth factor—essentially, the ease with which the parties can access the transferee forum—the Court finds that the parties can access either forum with relative ease. Therefore, this factor is neutral.

The same is true for the fifth and sixth factors, since there is no indication that any witnesses may be unavailable for trial in either forum or that any books and records could not be produced in either forum.

Therefore, the Court finds that the private interest factors favor transferring this case to the Southern District of New York.

## B.    Public Interest Factors

*Jumara* defines the public interest factors as:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879–80 (citations omitted).

It is the public interest that cuts most strongly in favor of transferring this matter. Specifically, the second factor supports transfer because these parties are already in litigation in the Southern District of New York. Not only that, but the New York action is directly related to this action, so much so that Trucco initially

tried to bring the CFAA claim as a counterclaim in that very case. It would be decidedly easier, more expeditious, and less expensive for the parties to continue litigating these issues in that forum. Moreover, doing so would eliminate the risk of inconsistent rulings by different courts on substantially the same issues. Therefore, this factor weighs heavily in favor of transferring this matter to the Southern District of New York.

As to the first factor—the enforceability of the judgment—is likely neutral because Trucco is unlikely to encounter difficulty enforcing any judgment, whether in New York or New Jersey, against Redcell.

The third factor—the administrative considerations—is neutral. Neither of the two fora in question are experiencing judicial emergencies, and both would be in a position to easily accommodate this trial.

The fourth factor—the public policies of the fora—cuts in favor of transferring the case. This Court's interest in this matter is relatively minor, its only connection is that Trucco has a server that serves both its New Jersey and its New York locations. Conversely, because the parties' relationship was based primarily in New York and both parties are citizens of New York, this would be a more "local" controversy in the Southern District of New York. Courts in New York would have a stronger interest in adjudicating the dispute.

Finally, the fifth factor—the Court's familiarity with the applicable law—is neutral. Federal district courts are generally well-equipped to apply the laws of other states and frequently do so in diversity cases. This matter includes only one claim

under a New Jersey statute. The Southern District of New York is entirely capable of applying that law.

Therefore, the Court concludes that the private interest factors also favor transferring this case to the Southern District of New York.

## III.    CONCLUSION

For the reasons expressed herein, the Court finds that the private and public interest factors weigh in favor of transfer. Therefore, the Court will transfer this matter to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

**ACCORDINGLY**, it is on this **2nd** day of **September** 2022, hereby

**ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge